IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAUL E. LEFEBVRE and
PATRICIA R. LEFEBVRE,
    Plaintiffs,

vs.                                    Case No.: 5:08cv239/RS/MD

WARREN D. BLACKBURN,
KATHLEEN A. BERUBE,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on plaintiffs' civil complaint (Doc. 1). The filing fee has been paid. Upon review of the complaint, the court concludes that plaintiffs have not established a jurisdictional basis for this action, and that it should be dismissed.

    Plaintiffs name two defendants in this case: Warren D. Blackburn and Kathleen A. Berube, Mr. Blackburn's wife (the Blackburns). Plaintiffs apparently own a residence in Alabama as well as in Florida. They allege that the Blackburns, who appear to be their neighbors in Alabama, built a boat house at the west end of their boat slip which blocked plaintiffs' access to and from Palmetto Creek in violation of the Rivers and Harbor Act, 33 U.S.C. § 403. This construction was also done in alleged violation of an agreement filed May 10, 2004 in the Probate Court of Baldwin County Alabama and in alleged violation of an order by the Alabama Court of Appeals. Plaintiffs contend that the Army Corps of Engineers permitted the boat house in question after promising on two occasions that no obstructive boat house would be constructed in that location.

    Plaintiffs assert that they have been denied access to the navigable waters of Palmetto Creek and to their boat slip, as guaranteed by Agreement 810962 in Baldwin

County Probate Court, and Alabama Court of Appeal case #2060312.  They further allege that the violation was permitted by the Army Corps of Engineers, which is not a named defendant in this action, in violation of title 33 U.S.C. § 403.

As relief, plaintiffs request the removal of the boat house, that any limitations to their boat slip be within maritime law, and that the above-described "agreement" be honored.

This is the second case that plaintiffs have brought in federal court concerning this matter.  The first case, 3:08cv27/RV/EMT, was brought in the Pensacola division of this court based on plaintiffs' stated residence at the time.  In that case, in addition to the Blackburns, plaintiff named as defendants Michael B. Moxey, an employee of the United States Army Corps of Engineers, and the Honorable Robert E. Wilters, a judge in the Circuit Court of Baldwin County, Alabama.  Plaintiffs claimed that Judge Wilters violated their rights under section 10 of the Rivers and Harbors Act (RHA), codified at 33 U.S.C. § 403, and continued to violate their civil rights under 42 U.S.C. § 1983 when he failed to enjoin the Blackburns from constructing the boat house; that the Blackburns constructed their boat house in violation of the plaintiffs' rights under the license agreement and in violation of their "civil rights to access the Palmetto Creek" pursuant to the RHA and 42 U.S.C. § 1983, and that Mr. Moxey, in his official capacity as an employee of the Army Corps of Engineers, violated their rights under the RHA and section 1983 by failing to remove the Blackburns' boat house.  Plaintiffs asserted that the court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeded $75,000.00, they were residents of Florida (they listed a Pensacola post office box as their address), and defendants were residents of Alabama.  They also appeared to assert federal question jurisdiction under § 1331 because they claimed violations of federal law, specifically, 33 U.S.C. § 403, and sought relief for said violations under 42 U.S.C. § 1983 and, presumably, *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

In plaintiffs' previous case, the court found that Judge Wilters was protected by the doctrine of judicial immunity, that plaintiffs failed to state a substantial federal claim against the Blackburns and Mr. Moxey for alleged violation of the RHA, and that no private right of

*Case No: 5:08cv239/RS/MD*

action existed under the RHA.  *California v. Sierra Club*, 451 U.S. 287, 297–98, 101 S. Ct. 1775, 1781, 68 L. Ed. 2d 101 (1981); *see also Louisiana v. M/V Testbank*, 752 F.2d 1019, 1031 (5th Cir. 1985) (Rivers and Harbors Act did not authorize private actions to be brought for violation of its provisions); *Sierra Club v. United States Army Corps of Engineers*, 701 F.2d 1011, 1033 (2nd Cir. 1983) (same). It further found that title 33 U.S.C. § 403 was not intended to protect individuals suffering the injuries for which plaintiffs sought damages under section 1983 and *Bivens*, and that therefore, plaintiffs could not maintain a civil rights action against the Blackburns and Mr. Moxey for alleged violations of 33 U.S.C. § 403. *Lochman v. County of Charlevoix*, 94 F.3d 248, 250–54 (6th Cir. 1996).  Finally, review of plaintiffs' claim against the Blackburns for alleged violation of the license agreement was found to be barred by the *Rooker-Feldman* doctrine.  Plaintiffs' previous case was dismissed by the district court for lack of jurisdiction on July 29, 2008.  No notice of appeal has been filed to date.  Instead, plaintiffs filed the instant complaint, dated July 31, 2008 in the Panama City division of this court.[1]

This court's review of the plaintiff's complaint in the case at bar reveals that the fatal jurisdictional defects identified in the previous case have not been eliminated.  Rule 8 of the Federal Rules of Civil Procedure provides that the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity.  For federal question jurisdiction, Plaintiffs must allege a violation of their constitutional rights or a right created under a federal law.  28 U.S.C. § 1331.  For diversity jurisdiction, Plaintiffs must allege that they and all Defendants are citizens of different states and that the matter in controversy exceeds the jurisdictional amount set forth in the statute.  28 U.S.C. § 1332.

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405,

---

[1]The complaint was physically filed in the Pensacola division, but assigned to the Panama City division.

*Case No: 5:08cv239/RS/MD*

410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted).  A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. *Bochese*, 405 F.3d at 975 (quoting *Univ. of S. Ala.*, 168 F.3d at 410). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.  *Lovern*, 190 F.3d at 653 (citations omitted).  A district court may address its lack of subject matter jurisdiction in two ways:  the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  *Id.* (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  In *Hagans*, the Supreme Court noted:  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted).  While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538.  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Liberally construing the allegations of the complaint in the instant case, plaintiffs may seek to invoke jurisdiction under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). However, to prevail on a civil rights action under § 1983 or *Bivens*, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). This is a jurisdictional prerequisite. *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986). Analogous requirements apply to claims against federal actors under *Bivens*.

Only in rare circumstance may a private party be viewed as a state actor for § 1983 purposes. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). To hold that private parties are state actors, the court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Id.*

In the instant case, plaintiffs have failed to allege facts suggesting that defendants Blackburn and Berube are state or federal actors; therefore, they may not proceed against these defendants under § 1983 or *Bivens*. Furthermore, to the extent plaintiffs intend to

sue the Blackburns for breach of contract, the factual allegations of the complaint suggest no basis for federal jurisdiction and diversity jurisdiction does not appear proper. Although plaintiffs now state that they have a second home in Wewahitchka, Florida, which would satisfy the citizenship requirement, no actual "amount in controversy" is listed.

Finally, even if the requirements of diversity jurisdiction were met, to the extent plaintiffs seek reconsideration or enforcement of the state court judgments relative to their rights under the license agreement, their claims are barred. It is axiomatic that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L. Ed. 362 (1923). The *Rooker* and *Feldman* decisions have become known as the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." *Berman v. Fla. Bd. of Bar Exam'rs*, 794 F.2d 1529, 1530 (11th Cir. 1986), (quoting *Feldman*, 460 U.S. at 486). A federal claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Datz v. Kilgore*, 51 F.3d 252, 253–54 (11th Cir. 1995); (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so. *Liedel v. Juvenile Court of Madison County, Ala.*, 891 F.2d 1542, 1545 and n. 4 (11th Cir. 1990) (citation omitted).

To the extent plaintiffs seek to nullify the state court orders which determined their rights under the agreement and relitigate those issues in this federal court, their complaint is subject to dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Berman*, 794 F.2d at 1530; *Liedel*, 891 F.2d at 1545-46. Likewise, to the extent they seek

enforcement of their rights as they believe these rights to have been defined under those state court decisions, this is not the appropriate forum in which to seek relief.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be **DISMISSED** for lack of jurisdiction.
2. That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of August, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**